UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

GERARDO MARMOL

      Plaintiff,

v.

RED GINGER SB, LLC
d/b/a PAPI STEAK

      Defendant,

_____/

## COMPLAINT

    Plaintiff GERARDO MARMOL, by and through undersigned counsel, hereby sues

Defendant RED GINGER SB, LLC, d/b/a PAPI STEAK, on the grounds set forth herein.

## INTRODUCTION

1. This is an action by Plaintiff GERARDO MARMOL, under the Civil Rights Act of
   1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil
   Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done
   to him by Defendant's discriminatory treatment and retaliation based on his Sex.

## JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest,
   Attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964,
   as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights
   Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff GERARDO MARMOL, is a resident of Miami-Dade County, who was employed by Defendant RED GINGER SB, LLC, d/b/a PAPI STEAK, and is a member of certain protected classes of persons.

7. Defendant RED GINGER SB, LLC, d/b/a PAPI STEAK (hereinafter PAPI STEAK, or Defendant), is a Florida corporation performing business in Miami-Dade County, Florida, and within the jurisdiction of this Court.

8. At all relevant times, Defendant PAPI STEAK has continuously been an Employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b),(g), and (h).

9. At all relevant times, Defendant PAPI STEAK has continuously employed 15 or more persons.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent to this action has been fulfilled. On or about January 18, 2022, Plaintiff GERARDO MARMOL dual-filed his Charge of Discrimination

with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about October 18, 2022, upon request, the U.S. Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Notice of Right to Sue with respect to such charge of discrimination. Consequently, the present Complaint is being filed within 90 days of the date on which Plaintiff received the Dismissal and Notice of Rights, as allowed by law. ***See composite Exhibit "A."***

11. All conditions precedent for the filing of this action before this Court have either been previously met or excused, including the exhaustion of all pertinent administrative procedures and remedies.

## STATEMENT OF FACTS

12. Plaintiff GERARDO MARMOL is a 52-year-old Hispanic male who was employed by Defendant PAPI STEAK and who is a member of certain protected classes of persons because of his Sex and his participation in protected activities within the meaning of Title VII and the Florida Civil Rights Act.

13. Defendant PAPI STEAK is a fine dining restaurant located at 736 1ST ST, Miami Beach, Florida, where Plaintiff worked.

14. Defendant PAPI STEAK employed Plaintiff GERARDO MARMOL as a restaurant employee from on or about April 13, 2020, to October 09, 2021, or one and a half years.

15. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

16. However, on or about June 2020,  Plaintiff began to experience unlawful discrimination based on his Sex.

17. Supervisor Luis (LNU) began to make discriminatory remarks toward a gay co-worker named Asland Jones (Brazilean), knowing perfectly that Plaintiff also was a gay person.

18. Supervisor Luis (LNU), on a daily basis, made homophobic comments about Plaintiff and his gay co-worker.

19. Plaintiff opposed the conduct of Supervisor Luis (LNU) and let him know that his jokes and comments were not welcomed and that he felt embarrassed.

20. Supervisor Luis (LNU) did not pay any attention to Plaintiff's complaints, and he continued his discriminatory remarks and disrespectful treatment towards Plaintiff and his gay co-worker.

21. The frequency and disrespectful comments about gay males at the workplace constituted harassment based on Plaintiff's Sex. The conduct of Supervisor Luis (LNU) was so frequent and persistent that it created a hostile and intimidating working environment for Plaintiff. Plaintiff did not complain because he was afraid of losing his job. He lived in humiliation, fear, and anxiety.

22. Plaintiff felt some relief when his co-worker filed a discrimination complaint based on Sex or sexual orientation. Defendant opened an investigation.

23. Supervisor Luis (LNU) asked Plaintiff not to say anything to Management about his illegal conduct towards Plaintiff and his co-worker because he would get fired.

24. Plaintiff was expecting to serve as a witness and having the opportunity to complain about the discrimination and harassment he was also suffering. However, Management never called Plaintiff as a witness or questioned him. Defendant did not make an accurate and complete investigation.

25. After the investigation, nothing happened. Not only Supervisor Luis (LNU) continued his homophobic conduct, but Chef David (LNU) and Chef Armando (LNU) would always mistreat and disrespect Plaintiff calling him names and making all kinds of vulgar homophobic comments and gestures towards gays.

26. Chef David (LNU) used to tell Plaintiff that the type of work he did was for real men.

27. After co-worker Asland Jones' complained about Sex discrimination, Plaintiff suffered increased retaliatory harassment.

28. Plaintiff engaged in protected activity. Plaintiff complained about being discriminated against and harassed on the basis of his Sex to a new Hispanic Chef. Plaintiff complained about the abusive conduct of Chef David (LNU) and Chef Armando (LNU), but he did not do anything. Nobody could stop the illegal conduct of Plaintiff's superiors.

29. This complaint constituted protected activity under Title VII and the FCRA, Chapter 760.

30. On or about October 09, 2021, while Plaintiff was working, he was called to a meeting on the third floor. Plaintiff met General Manager Andre (LNU) and Chef Armando (LNU).

31. During that meeting, Chef Armando (LNU) told Plaintiff that he had to sign three warnings or he would be immediately fired.

32. Plaintiff told his superiors that he was never informed that he had any performance or disciplinary issues and that he never did anything wrong to receive three warnings on the same day.

33. Plaintiff refused to sign the three warnings, and Defendant fired Plaintiff immediately.

34. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of discrimination and harassment and was further subjected to different terms and conditions of employment. Plaintiff engaged in protected activity, and as a result, he was fired.

35. At the time of termination from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant, and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's Sex and related sexual orientation and his complaints about Sex discrimination.

36. The discrimination, refusal to hire, promote, or terminate an individual based on stereotyped characterizations of the sexes and then retaliate against the complaining employee, constitute a violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760

37. There were no legitimate, non-discriminatory, and/or non-retaliatory reasons for the discriminatory action taken against Plaintiff GERARDO MARMOL.

38. The negative impact of the discriminatory and retaliatory action taken by Defendant PAPI STEAK against Plaintiff has resulted in subsequent damage to Plaintiff's mental and physical health and financial well-being.

39. Plaintiff, GERARDO MARMOL, has suffered double damage and will continue to suffer both irreparable injury and damages because of Defendant's discriminatory practices unless and until this Court grants relief.

40. Because of the actions of Defendant, Plaintiff has been damaged. In that, Plaintiff has suffered serious economic losses, lost wages, and has suffered mental pain and emotional distress.

41. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights, and therefore Plaintiff is entitled to punitive damages.

42. The actions of Defendant PAPI STEAK and or its agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus, entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such actions in the future.

43. Defendant PAPI STEAK is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite

Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

44. Moreover, Plaintiff's termination came just in temporal proximity to Plaintiff's last participation in protected activities.

45. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

**COUNT I:**
**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:**
**DISCRIMINATION BASED ON SEX: GENDER IDENTITY**

46. Plaintiff GERARDO MARMOL re-adopts every factual allegation as stated in paragraphs 1-45 above as if set out in full herein.

47. At all times material hereto, the Employer/Defendant PAPI STEAK failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

48. The discrimination of Plaintiff GERARDO MARMOL by Defendant PAPI STEAK was caused by Defendant being aware of Plaintiff's Sex.

49. Defendant's decision to discriminate against Plaintiff GERARDO MARMOL was because of Plaintiff's failure to conform to gender stereotypes.

50. At all relevant times aforementioned, including the time of discrimination, Defendant PAPI STEAK was aware that Plaintiff GERARDO MARMOL was a gay male.

51. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

52. Plaintiff was qualified for the position apart from his apparent sexual preferences.

53. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

54. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

55. Defendant PAPI STEAK, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff GERARDO MARMOL on account of his failure to conform to gender stereotypes, in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

56. Plaintiff GERARDO MARMOL was wrongfully terminated by Defendant and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's gender identity.

57. Defendant PAPI STEAK is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the

discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

58. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

59. Any alleged non-discriminatory reason for the termination of Plaintiff's employment asserted by Defendant PAPI STEAK is a mere pretext for the actual reasons for the termination from employment, Plaintiff's failure to conform to gender stereotypes, and complaints related to the unlawful acts of discrimination and harassment.

60. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their failure to conform to gender stereotypes. Discrimination on the basis of Gender Stereotyping constitutes unlawful Sex discrimination.

61. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GERARDO MARMOL respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of Sex or Gender identity.

B. Reinstate Plaintiff GERARDO MARMOL to the same position he held before the discriminatory personnel action or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff GERARDO MARMOL,

D. Order Defendant PAPI STEAK to make Plaintiff GERARDO MARMOL whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law, including punitive damages,

G. Award Attorney's fees and costs.

## JURY TRIAL DEMAND

Plaintiff GERARDO MARMOL demands a trial by jury on all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION

62. Plaintiff GERARDO MARMOL re-adopts every factual allegation as stated in paragraphs 1-45 above as if set out in full herein.

63. Defendant PAPI STEAK employed Plaintiff GERARDO MARMOL as a restaurant employee from on or about April 13, 2020, to October 09, 2021, or one and a half years.

64. At all times material hereto, the Employer/Defendant PAPI STEAK failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this

subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

65. Defendant PAPI STEAK is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

66. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

67. Defendant PAPI STEAK, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, retaliated against Plaintiff GERARDO MARMOL on account of Plaintiff's complaints of discrimination and harassment because he failed to conform to gender stereotypes.

68. Plaintiff complained and denounced the unlawful discrimination and harassment perpetrated by his superiors.

69. Plaintiff's co-worker, Asland Jones filed a Sex discrimination complaint perpetrated by Supervisor Luis (LNU). Plaintiff was expected to testify as a witness and as a victim. However, Defendant never called Plaintiff as a witness and victim.

70. Defendant PAPI STEAK did not investigate the complaint of discrimination and harassment on the basis of Sex and Gender Stereotyping.

71. Plaintiff also complained about Sex discrimination and harassment with his superiors. This time, Defendant again failed to investigate the allegations. Instead, Defendant PAPI STEAK summarily and wrongfully terminated Plaintiff in retaliation for his complaints.

72. On October 09, 2021, Plaintiff was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of Federal Laws.

73. Moreover, Plaintiff's termination came just in temporal proximity to Plaintiff's participation in protected activity.

74. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

75. Plaintiff GERARDO MARMOL was fired by Defendant PAPI STEAK, and his termination was directly and proximately caused by Plaintiff's complaints about unlawful discrimination.

76. As a direct and proximate result of Defendant's intentional conduct, Plaintiff GERARDO MARMOL suffered serious economic losses as well as mental pain and suffering.

77. Any alleged non-discriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, Plaintiff's complaints of discrimination and harassment on the basis of Sex and related Gender Stereotyping.

78. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their failure to conform to gender sterotypes and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

79. As a result of the retaliation, Plaintiff GERARDO MARMOL has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

80. At the time that Plaintiff GERARDO MARMOL reported the discrimination and harassment to his supervisors, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of Title VII.

81. Defendant PAPI STEAK'S acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

82. Defendant PAPI STEAK is subject to vicarious liability for the actions of it agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

83. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GERARDO MARMOL respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant PAPI STEAK, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in a protected activity and;

B. Reinstate Plaintiff GERARDO MARMOL to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant PAPI STEAK to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and Attorneys' fees and costs.

JURY TRIAL DEMAND

Plaintiff GERARDO MARMOL demands a trial by jury on all issues triable as of right by a jury.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**
**DISCRIMINATION BASED ON SEX: GENDER IDENTITY**

84. Plaintiff GERARDO MARMOL re-adopts every factual allegation as stated in paragraphs 1-45 and above as if set out in full herein.

85. At all times material hereto, the Employer/Defendant PAPI STEAK failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

*"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race,* color, *religion, sex, national origin, age, handicap, or marital status"*

86. The discrimination of Plaintiff GERARDO MARMOL by Defendant was caused by Defendant being aware of Plaintiff's Sex and his failure to conform to gender stereotypes.

87. Defendant's decision to discriminate against Plaintiff GERARDO MARMOL was because of Plaintiff's Sex.

88. At all relevant times aforementioned, including the time of discrimination, Defendant PAPI STEAK was aware of Plaintiff GERARDO MARMOL's sexual preferences.

89. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

90. Plaintiff was qualified for the position apart from his apparent Sex, or failure to conform to gender stereotypes.

91. Plaintiff was discriminated against by PAPI STEAK because o his Sex.

92. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

93. The failure of Defendant PAPI STEAK to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

94. Defendant PAPI STEAK, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's State protected

rights, discriminated against Plaintiff GERARDO MARMOL on account of his Sex and related Gender Stereotyping in violation of the Act.

95.  Plaintiff GERARDO MARMOL was wrongfully terminated by Defendant PAPI STEAK, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex and failure to conform to gender stereotypes.

96. Defendant PAPI STEAK is subject to vicarious liability for the actions of it agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

97. As a direct and proximate result of Defendant's intentional conduct, Plaintiff GERARDO MARMOL suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

98. Any alleged non-discriminatory reason for the termination of Plaintiff's employment asserted by Defendant PAPI STEAK is a mere pretext for the actual reasons for the termination from employment, Plaintiff's failure to conform to gender stereotypes, and complaints related to the unlawful acts of discrimination and harassment.

99. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to Sex and related Gender Identity. Discrimination on the basis of Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

100.    Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GERARDO MARMOL respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant PAPI STEAK, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Gender Stereotyping;

B. Reinstate Plaintiff GERARDO MARMOL to the same position held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant PAPI STEAKto make Plaintiff whole by compensating Plaintiff GERARDO MARMOL for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages, Attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff GERARDO MARMOL demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES;   RETALIATION**

101.     Plaintiff GERARDO MARMOL re-adopts every factual allegation as stated

in paragraphs 1-45 and 84-100 of this Complaint as if set out in full herein.

102.     This is an action against Defendant PAPI STEAK for unlawful retaliation

under the Florida Civil Rights Act, Chapter 760, Fl Statutes (FCRA).

103.     The FCRA contains an anti-retaliation provision forbidding employers from

retaliating or taking adverse personnel action against those employees who exercise

their lawful and protected rights under the Act.

104.     The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part as follows:

*"It is an unlawful employment practice for an employer, an employment agency,*
*a joint labor management committee, or a labor organization to discriminate*
*against any person because that person has opposed any practice which is an*
*unlawful employment practice under this section, or because that person has*
*made a charge, testified, assisted, or participated in any manner in an*
*investigation, proceeding, or hearing under this section".*

105.     Plaintiff is a member of a protected class under Title VII and the Florida

Civil Rights Act because of his Sex and Gender identity, and because of his

participation in protected activities within the meaning of the Florida Civil Rights

Act.

106.     Plaintiff GERARDO MARMOL, while working for Defendant PAPI

STEAK, was subjected to discrimination and harassment based on his Sex.

107.     Plaintiff complained and denounced the unlawful discrimination and

harassment perpetrated by his superiors.

108.     Plaintiff's co-worker, Asland Jones filed a Sex discrimination complaint perpetrated by Supervisor Luis (LNU). Plaintiff was expected to testify as a witness and as a victim. However, Defendant never called Plaintiff as a witness and victim.

109.     Defendant PAPI STEAK did not investigate the complaint of discrimination and harassment on the basis of Sex and Gender Stereotyping.

110.     Plaintiff reasonably also engaged in protected activity and complained and denounced the unlawful discrimination and harassment perpetrated by his superiors.

111.     This time, Defendant again failed to investigate the allegations. Instead, Defendant PAPI STEAK summarily and wrongfully terminated Plaintiff in retaliation for his complaints.

112.     On October 09, 2021, Plaintiff was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of State Laws.

113.     Moreover, Plaintiff's termination came just in temporal proximity to Plaintiff's participation in protected activity.

114.     Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

115.      Plaintiff GERARDO MARMOL was fired by Defendant PAPI STEAK, and his termination was directly and proximately caused by Plaintiff's complaints about unlawful Sex discrimination.

116.    As a direct and proximate result of Defendant's intentional conduct, Plaintiff GERARDO MARMOL suffered serious economic losses as well as mental pain and suffering.

117.    Any alleged non-discriminatory reason for terminating Plaintiff asserted by Defendant PAPI STEAK is a mere pretext for the actual reason for termination, Plaintiff's complaints of discrimination and harassment on the basis of his Sex and related failure to conform to gender stereotypes.

118.    Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to his Sex,  and retaliation due to his complaints of unlawful discrimination. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

119.    As a result of the retaliation, Plaintiff GERARDO MARMOL has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

120.    Defendant PAPI STEAK'S acts, through their agents, were done with malice and reckless disregard for Plaintiff's State protected civil rights.

121.    Defendant PAPI STEAK is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

122.    As a direct and proximate result of the actions and omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of his statutory rights.

123.     Plaintiff GERARDO MARMOL has no plain, adequate, or complete remedy at law. Plaintiff is still suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

124.     Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GERARDO MARMOL respectfully requests that this Court order the following;

A.  Grant a permanent injunction enjoining Defendant PAPI STEAK its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7) ;

B.  Award Plaintiff GERARDO MARMOL a judgment against Defendant PAPI STEAK for compensatory damages as determined by the trier of fact;

C.  Award Plaintiff GERARDO MARMOL restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D.  Enter Judgment for Punitive damages against Defendant PAPI STEAK;

E.  Award all reasonable Attorney's fees and costs incurred in connection with this

action; and any other and further relief as justice may require.

JURY TRIAL DEMAND

Plaintiff GERARDO MARMOL demands a trial by jury on all issues triable as of right

by a jury.

Date: January 16, 2023

Respectfully submitted,

By: **_/s/ Zandro E. Palma___**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd, ste 1500
Miami, FL 33157
Telephone:     (305) 446-1500
Facsimile:     (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*